UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LEONARDO MCCRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-4068 |
| | ) | |
| LAWRENCE BEAUMONT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed in forma pauperis. (Doc. 2). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that Defendant Beaumont, the attorney who represented him in the state civil commitment proceedings related to his present confinement, failed to appeal a 2015

probable cause finding Plaintiff believed was legally unsound. Plaintiff alleges that Defendant Beaumont told Plaintiff he would file the appeal and repeatedly told Plaintiff that the appeal was still pending over the next several years. Plaintiff alleges that Defendant Beaumont never filed the appeal. Plaintiff seeks damages for ineffective assistance of counsel and legal malpractice.

Plaintiff's state law commitment proceedings are civil in nature. 725 Ill. Comp. Stat. § 207/20 ("The proceedings under [the Sexually Violent Persons Commitment] Act shall be civil in nature."); *Allen v. Illinois*, 478 U.S. 364, 368-69 (1986) (holding that the Fifth Amendment's right against self-incrimination did not apply to civil commitment proceedings under the SVP Act because the statute expressly provided that the proceedings were civil in nature and the statutory scheme lacked the punitive and deterrent elements attendant in criminal law).

Plaintiff has no constitutional right to effective assistance of counsel in civil cases. *Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017). Courts that have examined the issue have found no clearly established federal right to counsel in civil commitment proceedings. *See Tyler v. Belille*, 2018 WL 6446388, at *3 (E.D. Wis., filed Dec. 10, 2018); *Walker v. Scott*, 2017 WL 4319116, at *8 (C.D. Ill., filed Sept. 28, 2017).

Accordingly, the Court finds that Plaintiff does not state a claim for ineffective assistance of counsel upon which relief can be granted. Plaintiff's claim is also time-barred. *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017) (two year statute of limitations in § 1983 cases in Illinois). With no remaining federal claim for relief, the Court declines to take supplemental jurisdiction over any state law claims. 28 U.S.C. § 1367(c)(3). Any state law claims are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to Proceed in forma pauperis [2] is DENIED.**
2) **Plaintiff's Motion to Request Counsel [3] is DENIED as moot.**

3) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions not addressed in this Order are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 28th day of June, 2019.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE